IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY R.,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY.,

      Defendant.

Case No. 1:25-cv-687
Judge Susan J. Dlott
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on the Commissioner's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. 11). For the following reasons, the Undersigned **RECOMMENDS** treating the Motion as one for summary judgment. The Undersigned further **RECOMMENDS** that the Motion be **GRANTED** and that this case be **DISMISSED with prejudice.**

**I.    BACKGROUND**

On August 19, 2020, an Administrative Law Judge ("ALJ") issued a decision partially denying Plaintiff's application for disability insurance benefits. (*See* Doc. 11-1 at 10–24). Relevant here, the ALJ noted that Plaintiff initially alleged disability beginning on May 5, 2015, before amending her alleged disability onset to January 1, 2017. (*Id.* at 10). The ALJ ultimately found that Plaintiff was not disabled before August 28, 2018, but that she became disabled on that date and continued to be disabled through the date of the decision, August 19, 2020. (*Id.* at 24). Along with providing her the decision, the Social Security Administration ("SSA") notified Plaintiff that she could appeal the ALJ's findings to the Appeals Council within sixty days. (*Id.* at 5–7 (dated August 19, 2020)).

Plaintiff filed an appeal with the Appeals Council on February 23, 2025—about four and a half years later. (*Id.* at 36). On June 5, the Appeals Council dismissed her request for review because her appeal was untimely. (*Id.* at 37). The Appeals Council also found that she did not show good cause for missing the deadline. (*Id.* (cataloging Plaintiff's good cause arguments)). The SSA informed Plaintiff that if she wished to seek judicial review of the ALJ's decision in federal court, she must do so within sixty days. (*Id.* at 34 (dated June 5, 2025)).

On September 19—over two months beyond her newest deadline—Plaintiff filed the present case. (Doc. 1). As best the Undersigned can tell, Plaintiff seeks judicial review of the ALJ's finding that she was not disabled before August 2018. (Doc. 9). As Plaintiff tells it, she should have been found disabled beginning in May 2015. (*Id.* at 3 ("I want the date of onset of disability to be changed to May of 2015, and receive the pay increase (monthly) and the lump sum for missed work consistent with the date of May 2015); Doc. 11-1 at 24).

Now, the Commissioner moves to dismiss Plaintiff's complaint as untimely. (Doc. 11). Plaintiff concedes that she submitted the complaint after the deadline, but she argues that extenuating circumstances justify the delay. (Doc. 12 at 2). Defendant offered no reply. The matter is ripe for consideration.

**II.      STANDARD**

Before turning to the substance of the Commissioner's Motion, the Undersigned must decide what standard applies. The Commissioner filed the Motion to Dismiss under Rule 12(b)(6), but alternatively moved for summary judgment under Rule 56. (Doc. 11 at 3–5).

Federal Rule of Civil Procedure 12 provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In doing so, the parties must have a "reasonable opportunity to present all the material that is pertinent to the

motion." *Id.* Therefore, a court is usually required to notify the party opposing a motion before converting it into a summary judgment motion. *Stringer v. Nat'l Football League*, 474 F. Supp. 2d 894, 903 (S.D. Ohio 2007) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir.2004)). But "where, as here, a motion for summary judgment has been filed in the alternative and the opposing party responds to that motion by submitting materials outside the pleadings," a district court need not provide prior notice because "there is no surprise or prejudice that would prevent the Court from converting the Rule 12 motion to a Rule 56 motion for summary judgment." *Id.*; *see also Handley v. Gen. Sec. Servs. Corp.*, No. 1:07-CV-501, 2008 WL 11450752, at *2 (S.D. Ohio Oct. 2, 2008) ("In these circumstances, where there is no surprise or prejudice to the parties, the Court *sua sponte* will convert the dismissal motion to one for summary judgment."); *Foster Wheeler Env't Corp. v. Fluor Fernald, Inc.*, No. 1:07-CV-033, 2007 WL 2713780, at *2 n. 1 (S.D. Ohio Sept. 14, 2007); *Ball*, 385 F.3d, at 719 (holding the plaintiffs "had notice that the district court might treat the motion as one for summary judgment because such a motion was actually filed, and they responded to it.").

Here, Defendants made the alternative ask and submitted matters outside of the pleadings. (Doc. 11 at 4 ("Alternatively, the Defendant Commissioner Is Entitled to Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 56(c)"); Doc. 11-1)). Plaintiff responded to the Motion and likewise included matters outside of the pleadings. (Doc. 12 at 2–4 (claiming for the first time that she filed late because of her constant pain and her inability to find an attorney to represent her. Plaintiff also includes a letter from her doctor endorsing these arguments: "I have read the patient's statement and agree with the assessment.")). Thus, the Undersigned does not need to provide Plaintiff with additional notice of its intent to convert the Motion to Dismiss into a Motion for Summary Judgment. "[S]uch a motion was actually filed, and [Plaintiff] responded to it." *Ball*,

3

385 F.3d, at 719. And, as shown below, the Undersigned considers the materials. Accordingly, the Undersigned **RECOMMENDS** treating the Commissioner's Motion as one for Summary Judgment under Rule 56.

Under Rule 56(a), a party is entitled to judgment as a matter of law, when there is no genuine issue of material fact. Fed R. Civ. P. 56(a). The burden is on the moving party to demonstrate with sufficient evidence that no such "genuine issue" exists. *Hodar v. Comm'r of Soc. Sec.*, No. 1:15CV72-JRA, 2015 WL 5657288, at *1 (N.D. Ohio Sept. 24, 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). After making that showing, the burden shifts to the nonmoving party to produce conflicting evidence that would create a "genuine issue." *Id.* (quoting *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)). When determining if there is a genuine issue of material fact, a court must view the evidence in the light most favorable to the nonmoving party. *Pachla v. Saunders Sys.*, Inc., 899 F.2d 496, 498 (6th Cir. 1990).

### III. DISCUSSION

The Commissioner argues that this case should be dismissed because Plaintiff missed her deadline to seek judicial review of the Appeals Council's decision. (*See generally* Doc. 11). Plaintiff concedes that her request for judicial review was untimely. (Doc. 12 at 2). Nevertheless, she says the Court should consider her case because she continues to be disabled by pain and she was unable to find an attorney to represent her within the limitations period. (*See generally id.*). The Court construes and considers this as an equitable tolling argument.

#### A. Timeliness

To start, Plaintiff's claim for judicial review is unquestionably late. Section 405 of the Social Security Act gives plaintiffs 60 days "after any final decision of the Commissioner of Social Security" to seek judicial review of that decision. 42 U.S.C. § 405(g). "Although § 405(g) uses

the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). The 60-day statute of limitations serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *see also Harris v. Com'r of Soc. Sec.*, 25 F. App'x 273, 273 (6th Cir. 2001) (affirming District Court judgment that plaintiff's complaint should be dismissed as untimely).

Plaintiff does not dispute that she filed her complaint more than 60 days after receiving the Appeals Council notice: "I do not contest the fact that my request for judicial review of my disability claim was submitted after the allowed time for filing." (Doc. 12 at 2). Indeed, the Appeals Council mailed its notice of dismissal on June 5, and included language that mimicked the statute of limitations included in the Act. (Doc. 11-1 at 34, 37). Adding the five-day mailing period, Plaintiff's deadline to respond was August 11, 2025. (Doc. 11 at 5). Plaintiff did not seek judicial review until September 16, clearly missing her deadline. (Doc. 9 at 1).

The relevant question now becomes: May the Court hear her claim anyway? For the following reasons, the answer is no.

**B.     Equitable Tolling**

Plaintiff claims that she filed late because her disability has made it nearly impossible to prosecute her case, and because she was unable to find an attorney to represent her. (*Id.*). Essentially, she seeks to have her case saved by the doctrine of equitable tolling. (*See* Doc. 12 at 2 ("I believe the reasons for late filing merit consideration.")).

Where appropriate, equitable tolling applies to § 405(g)'s statute of limitations. *Cook*, 480 F.3d at 437 (citing *Bowen*, 476 U.S. at 480). Courts consider five factors in determining whether to apply equitable tolling: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to

5

defendant; and (5) reasonableness in remaining ignorant of the legal requirement for filing her claim. *Cook*, 480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) *abrogated on other grounds by, Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011)). These factors, "however, are not exclusive; the decision of whether a plaintiff is entitled to equitable tolling depends on the merits of the case." *Simmons v. Comm'r of Soc. Sec.*, No. 2:19-CV-1629, 2020 WL 6390065, at *3 (S.D. Ohio Nov. 2, 2020) (citing *Dixon v. Gonzalez*, 481 F.3d 324, 331 (6th Cir. 2007)).

               1.    *Actual and Constructive Notice*

First, Plaintiff had both actual and constructive notice of her deadline. In her response, Plaintiff acknowledges that her complaint was too late. (Doc. 12 at 2). Further, the Appeals Council told Plaintiff she had 60 days from the day she received the letter to file a civil action, and that—like the mailing period set out by the regulations—she was presumed to have read the letter five days after the Council sent it. (Doc. 11-1 at 34); *see also Cook*, 480 F.3d, at 436 ("[T]he regulations clarify that the 60-day period begins five days after the date of the denial notice."). This letter is enough to provide Plaintiff with actual and constructive notice of the deadline. *Minton v. Comm'r of Soc. Sec.*, No. 3:15-CV-366, 2016 WL 1752745, at *3 (S.D. Ohio May 3, 2016) ("Plaintiff had actual notice of the filing deadline by virtue of the May 21, 2015 letter sent by the Appeals Council instructing him that he had '60 days to file a civil action (ask for court review)'"), *report and recommendation adopted*, No. 3:15-CV-366, 2016 WL 2989068 (S.D. Ohio May 24, 2016); *see also Causley v. Saul*, No. 2:19-CV-00229, 2021 WL 9628854, at *2 (W.D. Mich. Jan. 19, 2021) ("In addition, a cursory review of the Appeals Council's decision would provide constructive knowledge as to when the deadline to file the lawsuit was.").

Further, Plaintiff does not dispute that she had actual and constructive notice of the deadlines. In fact, the Council instructed Plaintiff to notify the SSA if she did not receive the letter

6

within five days of sending, or if she could not meet the 60-day deadline. (Doc. 11-1 at 34). Plaintiff did neither. Nor does her complaint include an allegation that she did not receive the letter on time. (*See generally* Doc. 9).

The first factor therefore weighs against tolling.

### 2. *Plaintiff's Diligence*

Second, the procedural history of this case shows Plaintiff's repeated lack of diligence. This is not the first time Plaintiff has missed a deadline. As mentioned, this claim arises out of an ALJ's decision from 2020. (Doc. 11-1 at 36). But Plaintiff did not appeal that decision until February 2025. (*Id.*). The Appeals Council then dismissed her request as untimely. (*Id.*). Now, Plaintiff again missed the deadline to seek judicial review, despite receiving notice of that deadline. Even during the present case, Plaintiff has missed at least one deadline. (*See* Doc. 6 (ordering Plaintiff to show cause for why she should not be required to pay the filing fee because she failed to submit a revised motion to proceed *in forma pauperis* ("IFP") by the deadline)). And these are not near misses. Plaintiff appealed the ALJ's decision over four years late (Doc. 11-1 at 36), she sought judicial review over a month late (*see* Doc. 9 at 1), and she refiled her motion to proceed IFP almost two weeks late. (*Compare* Doc. 5 (ordering Plaintiff to file her IFP motion by October 8, 2025), *with* Doc.7 (filed October 20, 2025)). Plaintiff also has not submitted any evidence of her impediments or her efforts to meet these deadlines.

Although the Undersigned acknowledges that Plaintiff's medical realities may make it difficult to litigate, Plaintiff faces the same burden that nearly every *pro se* plaintiff encounters when filing this type of claim. Here, where Plaintiff has demonstrated a pattern of filing late, the Undersigned cannot conclude that she has demonstrated diligence in pursuing her rights. Accordingly, this factor does not weigh in favor of tolling.

### 3. Prejudice to Defendant

Neither party argues that the Commissioner will face prejudice if the Court were to excuse Plaintiff's belated filing. But as courts in this district have explained, "there are millions of applicants for social security benefits each year, and [] the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437; *Ridner v. Comm'r of Soc. Sec.*, No. 1:11-CV-434, 2012 WL 1156430, at *4 (S.D. Ohio Apr. 6, 2012) (quoting Cook, 480 F.3d at 437). Deviating from this clear rule would, as a general matter, prejudice the Commissioner's ability to litigate Social Security Appeals. The prejudice factor weighs against tolling.

### 4. Reasonableness

Regarding the last factor—Plaintiff's reasonableness in remaining ignorant of the filing deadline—Plaintiff was not ignorant of the deadline, as evidenced by her response where she concedes that she knew her complaint was untimely. (Doc. 12 at 2); *Moore v. Comm'r of Soc. Sec.*, No. 12-CV-15646, 2013 WL 3467027, at *3 (E.D. Mich. July 10, 2013) (finding Plaintiff was not ignorant of the deadline where she conceded in her complaint that she was not timely filing her case). Thus, the final factor is inapplicable. *Cf. Garrett v. Structured Cabling Sys., Inc.*, No. CIV. 10-55-DLB, 2010 WL 3862994, at *11 (E.D. Ky. Sept. 28, 2010) ("Plaintiff's actual knowledge of the filing deadline renders the fifth factor (a plaintiff's reasonableness in remaining ignorant of the notice, or legal requirement) inapplicable to her.").

*****

In sum, none of the relevant factors support equitable tolling. Accordingly, Plaintiff's claim is time-barred, and as "there is no genuine dispute as to any material fact," Defendant is entitled to summary judgment. Fed. R. Civ. P. 56(a).

8

IV. **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** treating the Commissioner's Motion to Dismiss as one for Summary Judgment.  The Undersigned further **RECOMMENDS** that the Motion (Doc. 11) be **GRANTED** and that the case be **DISMISSED with prejudice.**

V. **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 21, 2026   /s/Kimberly A. Jolson  
KIMBERLY A. JOLSON  
UNITED STATES MAGISTRATE JUDGE

9