IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mary R., | : | |
| | : | Case No. 1:25-cv-687 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Commissioner of Social Security, | : | Recommendation |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by

the Magistrate Judge on January 21, 2026 in this insurance benefits case. (Doc. 17.)  The

Magistrate Judge recommends treating the Commissioner of Social Security's

("Commissioner's") pending Motion to Dismiss, or, in the alternative, Motion for Summary

Judgment (Doc. 11) as a Motion for Summary Judgment and granting the Motion such that this

case will be dismissed with prejudice.  On February 4, 2026, Plaintiff Mary R. filed an Objection

(Doc. 18), after which the Commissioner filed a Response (Doc. 20).  For the reasons that

follow, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the R&R.

## I.    BACKGROUND

As set forth by the Magistrate Judge in her R&R, on August 19, 2020, the Administrative

Law Judge ("ALJ") for the Social Security Administration ("SSA") issued a decision partially

denying Plaintiff's application for Social Security disability insurance benefits.  (Doc. 17; Doc.

11-1 at PageID 78–92.)  Plaintiff initially alleged disability beginning on May 5, 2015, before

amending the alleged disability onset to January 1, 2017.  (Doc. 11-1 at PageID 78.)  The ALJ

found that Plaintiff was not disabled before August 28, 2018, but that Plaintiff became disabled

on that date and continued to be disabled through the date of the decision, August 19, 2020.  (*Id.*

1

at PageID 92.)  Along with providing Plaintiff the decision, the SSA notified Plaintiff that she could appeal the ALJ's findings to the Appeals Council within sixty days.  (*Id.* at PageID 73.)

Approximately four and a half years later, on February 23, 2025, Plaintiff filed an appeal with the Appeals Council.  (*Id.* at PageID 104.)  On June 5, 2025, the Appeals Council dismissed the request for review because Plaintiff's appeal was untimely and Plaintiff did not show good cause for missing the deadline.  (*Id.* at PageID 104–05.)  The SSA informed Plaintiff that if she wished to seek judicial review of the ALJ's decision in federal court, Plaintiff must do so within sixty days of its decision.  (*Id.* at PageID 102.)

On September 19, 2025, Plaintiff filed the present federal lawsuit seeking judicial review of the ALJ's finding that she was not disabled before August 2018.  (Doc. 9.)  The Commissioner filed a Motion to Dismiss and, in the alternative, a Motion for Summary Judgment arguing Plaintiff's request for judicial review is untimely.  (Doc. 11.)  Responding, Plaintiff concedes that her Complaint was submitted after the deadline, but argues that extenuating circumstances, chronic pain, and the inability to find an attorney justify the delay.  (Doc. 12.)

On January 21, 2026, the Magistrate Judge issued the pending R&R in which she first recommended treating the Commissioner's Motion as one for Summary Judgment under Federal Rule of Civil Procedure 56 since matters outside the pleadings were presented to the Court and Plaintiff had the opportunity to respond and indeed submitted her own arguments involving matters outside of the pleadings.  (*See* Doc. 12; Doc. 17.)  As to the merits, the Magistrate Judge found Plaintiff's claim to be "unquestionably late."  (Doc. 17 at PageID 164 (citing 42 U.S.C. § 405(g) (a plaintiff has sixty days after any final decision of the Commissioner to seek judicial review of that decision)).  In evaluating whether the statute of limitations should be equitably

2

tolled, the Magistrate Judge applied the five-factor test which examines: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to defendant; and (5) reasonableness in remaining ignorant of the legal requirement for filing the claim. (Doc. 17 at PageID 164–69) (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) (citing factors)).

As to the first and second factors, the Magistrate Judge found that Plaintiff had both actual and constructive notice of the deadline, which weighs against tolling. (*Id.* at PageID 166–67.) The Magistrate Judge found the third factor also weighed against tolling as the procedural history showed Plaintiff's repeated lack of diligence with several late filings. (*Id.* at PageID 167.) The fourth factor also weighed against tolling as "there are millions of applicants for social security benefits each year, and [ ] the lack of a clear filing deadline could create havoc in the system." (*Id.* at PageID 168) (citing *Cook*, 480 F.3d at 437). Finally, the fifth factor, Plaintiff's reasonableness in remaining ignorant of the filing deadline, was inapplicable, as Plaintiff conceded that she was aware of the deadline and her Complaint was untimely. (*Id.*) Finding that none of the five factors supported equitable tolling, the Magistrate Judge concluded Plaintiff's claim is time-barred and recommended granting Defendant's Motion for Summary Judgment and dismissing the case with prejudice. (*Id.* at PageID 169.)

On February 4, 2026, Plaintiff filed an Objection to Summary Judgment with Prejudice. (Doc. 18.) Defendant filed a Response to Plaintiff's Objection on February 10, 2026. (Doc. 20.) For the reasons that follow, the Court will **OVERRULE** the Objection (Doc. 18), and **ADOPT** the R&R (Doc. 17).

## II.    STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1)

3

authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

A party must properly object in order for an objection to be reviewed by the district court under the *de novo* standard. That is, the objecting party must identify specific legal or factual errors within the report and recommendation rather than simply restating previous arguments. *Sims v. Gray*, No. 23-3015, 2023 WL 5127125, at *2 (6th Cir. June 2, 2023). The objecting party has the duty to pinpoint those portions of the magistrate's report and recommendation that the district court must consider. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal if the party fails to file a proper objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III.   DISCUSSION

Plaintiff failed to properly object to the Magistrate Judge's finding that her claim was not subject to equitable tolling. (Doc. 18.) Plaintiff's Objection does not pinpoint any factual or

4

legal errors in the Magistrate Judge's R&R and instead simply restates previous arguments. (*See* Doc. 18); *Sims*, 2023 WL 5127125 at *2. In her Objection, Plaintiff asserts that she is "attempting to address three injustices: 1) that the judge changed my date of disability, 2) that the judge placed my date of disability within five months of my retirement which meant I got nothing, 3) that I should have been able to appeal." (Doc. 18 at PageID 170.) She also asserts that she struggled to find an attorney, found that she could not navigate Pacer and found it confusing, and stated that she did not see a deadline. (*Id.*)

Plaintiff's objections are general and fail to address any specific legal or factual error in the Magistrate Judge's R&R. Rather, she restates prior arguments or her general disagreement. Unfortunately, Plaintiff's Objection "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole*, 7 F. App'x at 356. As such, the Court **OVERRULES** the Objection (Doc. 18), which is akin to a failure to object, and **ADOPTS** the Magistrate Judge's R&R (Doc. 17), which is well supported by the law.

## IV.   CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objection (Doc. 18). The Court **ADOPTS** the Magistrate Judge's R&R (Doc. 17) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 11) and **DISMISSES** Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

BY THE COURT:

Susan J. Dlott
United States District Judge

5